UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE SUBPOENA OF<br>KENNETH J. CORREIA | Misc. Case No. 16-50529<br>Honorable Sean F. Cox<br>Magistrate Judge Elizabeth A. Stafford |

-----------------------------------------------------------------------------------------------

*Underlying Case:*

| | |
|---|---|
| JEFF LOOPER, *et al.*<br><br>    Plaintiff,<br><br>v.<br><br>FCA US LLC, f/k/a<br>CHRYSLER GROUP LLC, *et al.*<br><br>    Defendant.<br>_____/ | United States District Court<br>Central District of California<br><br>Case No. 5:14-cv-00700-VAP-DTG |

### REPORT AND RECOMMENDATION TO DENY
### KENNETH J. CORREIA'S MOTION TO QUASH SUBPOENA OR FOR A PROTECTIVE ORDER [R. 7]

    Before the Court is Kenneth Correia's motion to quash subpoena to produce documents and testify, or to issue a protective order. [R. 7]. Jeff Looper, Michael Bright and Scott Johnson are the plaintiffs in an underlying class action against FCA US LLC f/k/a Chrysler Group LLC, which is filed in

the Central District of California.[1] Plaintiffs filed a response to the motion, and Correia replied. [R. 13; R. 15]. The Court **RECOMMENDS** that the motion to quash be **DENIED** and that the motion for protective order be **DENIED WITHOUT PREJUDICE**.[2]

Correia is a plaintiff in a False Claims Act case against FCA, his former employer, in this district before the Honorable Laurie J. Michelson. [Case No. 16-10485, R. 48]. His complaint alleges that FCA employees illegally destroyed documents. [*Id.*, PgID 432]. Plaintiffs claim that evidence that Correia alleges was destroyed was relevant to their class action, so they subpoenaed him to testify in the underlying action and to produce eleven categories of documents. [R. 13, PgID 49; R. 13-5]. In his motion to quash, Correia objects to the deposition and each request for production of documents. [R. 7; R. 8]. He cites a number of subsections of Federal Rule of Civil Procedure 45(d), but his only real arguments are that he is not free to testify pursuant to 31 U.S.C. § 3730(b)(2); that he may

---

[1] Case Number 5:14-cv-00700-VAP-DTG.
[2] The Honorable Sean F. Cox referred the matter for hearing and determination, but since the decision regarding the motion to quash would dispose of the entire matter at issue in this case, the Court will treat the motion as dispositive and proceed by report and recommendation. *See Luppino v. Mercedes-Benz Fin. Servs. USA, LLC*, No. 13-50212, 2013 WL 1844075, at *3 (E.D. Mich. Apr. 11, 2013), *report and recommendation adopted*, No. 13-50212, 2013 WL 1844073 (E.D. Mich. Apr. 30, 2013) (collecting cases).

2

be an expert and Plaintiffs have not retained him; and that he does not possess most of the requested documents. [*Id.*].  These arguments are without merit.

Correia's first objection – that his False Claims Act complaint was filed under seal – is now moot because his Fourth Amended Complaint is not under seal. [Case no. 16-10485, R. 48]. What is more, this objection was without merit from the beginning. Section 3730(b)(2) requires that a False Claims Act *complaint* be filed under seal for at least 60 days, but that does not mean that the *information or documents* that Correia's possesses were privileged. *United States ex rel. Gale v. Omnicare, Inc.*, No. 1:10-CV-127, 2013 WL 2476853, at *3 (N.D. Ohio June 7, 2013) ("The Court agrees . . . and holds that the False Claims Act's seal requirements prevent the relator from publicly discussing the filing of the *qui tam* complaint, but not the nature and existence of the fraud.").

Correia's second objection is that he may be an expert witness, so the subpoena should be quashed pursuant to Rule 45(d)(3)(B)(ii). That rule permits the quashing of a subpoena when it requires "disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Plaintiffs are requesting documents and factual

3

...

...

testimony regarding specific occurrences, not Correia's expert opinion, so Rule 45(d)(3)(B)(ii) is inapplicable.

Correia's objection that he does not possess many of the requested documents is of no moment, as he is requested to only produce those documents in his possession, custody or control. [R. 13-5, PgID 176]. Besides, he is subpoenaed to testify in a deposition, and his objection that he does not possess requested documents is wholly misplaced in that regard. Thus, none of Correia's arguments for quashing the subpoena have merit.

Correia alternatively requests that the Court issue an "appropriate" protective order.  [R. 8, PgID 34]. But Eastern District of Michigan LR 26.4(a) requires him to first demonstrate that the information is subject to protection, and the only ground he claimed – the sealing of his complaint – is now moot.  In addition, he has not submitted a proposed protective order as required by LR 26.4(b).  For these reasons, Correia's request for a protective order should be denied without prejudice.

For these reasons, Correia's motion to quash should be **DENIED** and his the motion for protective order should be **DENIED WITHOUT PREJUDICE.**

s/Elizabeth A. Stafford

ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 29, 2016

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2016.

s/Marlena Williams<br>
MARLENA WILLIAMS<br>
Case Manager